**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **PRESTON PERRY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:05cv1218** |
| | ) | |
| **AMERICAN AIRLINES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The matter is before the Court on plaintiff Preston Perry's ("Perry") motion to amend his complaint pursuant to Rule 15, Fed. R. Civ. P. A brief summary of the relevant procedural history is instructive.

Perry was an employee of American Airlines ("American") until August 19, 2002, when he was terminated for cause. On September 4, 2002, Perry elected to exercise his right to file a grievance contesting his discharge, which was initially denied on September 20, 2002. Pursuant to the collective bargaining agreement, Perry had the right, *inter alia*, (i) to have his grievance arbitrated by an three-person Adjustment Board composed of member chosen by the Union, a member chosen by American, and a neutral third member; (ii) to have union representation at the grievance hearing; and (iii) to present evidence at the hearing and respond to questions from the Adjustment Board. On November 6, 2003, the Adjustment Board determined that American properly terminated Perry for cause, citing the voluminous evidence American adduced showing that Perry (i) had falsified documents and (ii) was grossly insubordinate to his supervisors.

On August 18, 2003, while his grievance arbitration was ongoing, Perry, by counsel, filed

suit in federal district court in Washington, D.C., alleging, *inter alia*, wrongful termination and

unfair labor practices.   At the initial hearing in District of Columbia district court, the parties

were directed to file supplemental memoranda on the issue of venue.   Following this

supplemental briefing, the case was transferred to the Eastern District of Virginia on April 15,

2004 pursuant to 28 U.S.C. § 1404.   *See Perry v. American Airlines*, No. 1:03cv1752 (D.D.C.

Apr. 15, 2003) (Order).   For reasons not disclosed in the record, the case did not arrive in the

Eastern District of Virginia until October 20, 2005, at which time it was promptly docketed.

Defendant subsequently filed a motion to dismiss Perry's complaint in its entirety pursuant to

Rule 12©), Fed. R. Civ. P.   While defendant's motion to dismiss was pending, Perry, on

November 14, 2005, sought leave to amend his complaint to plead a Family Medical Leave Act

("FMLA") retaliation claim, 29 U.S.C. 29 U.S.C. §§ 2601 *et seq*. (2000).   On November 18,

2005, American's motion to dismiss was granted,[1] but Perry was also granted permission to file a

motion seeking leave to amend his now-dismissed complaint to state an FMLA claim.   *See Perry*

---

[1] Perry's complaint was dismissed because it sought to challenge American's decision to terminate him, claiming his termination was without just cause, *i.e.*, in violation of the collective bargaining agreement.   Under the Railway Labor Act ("RLA"), American's decision to terminate Perry qualifies as a "minor dispute" over which the Adjustment Board has exclusive jurisdiction. *See* 45 U.S.C. § 151 (defining "minor dispute" as disputes "growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.").   Under the RLA, minor disputes must be submitted to the Adjustment Board for binding arbitration; judicial review of these decisions is only available in certain circumstances, none of which is present here.   *See id.*; Hawaiian *Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994) (holding that adjustment boards have exclusive jurisdiction over minor disputes under RLA); *United Transp. Union v. South Carolina Public Ry. Com'n*, 130 F.3d 627, 628 (4th Cir. 1997) (district court lacks subject matter jurisdiction over arbitration results of minor disputes under RLA).

*v. American Airlines*, No. 1:05cv1218 (E.D. Va. Nov. 18, 2005) (Order).  American opposes

Perry's motion to amend on the grounds that (i) the amended complaint is untimely; (ii) that the

FMLA claim is time-barred because it does not relate back to the original complaint; and (iii)

that it is futile to allow the amendment because the Adjustment Board's finding that Perry was

terminated for cause is *res judicata* with respect to his FMLA claim.[2]  Oral argument on Perry's

motion was heard December 2, 2005, after which the parties were directed to file supplemental

memoranda addressing whether Perry's proposed FMLA claim is barred by claim or issue

preclusion, thereby rendering futile his motion to amend.  The supplemental briefs were timely

filed, and thus the question now ripe for disposition is whether Perry's motion to amend should

be granted or denied.

 American's first objection is that the motion to amend is futile because Perry's FMLA

claim is time-barred.  Perry sought leave to amend his complaint to add a FMLA claim on

November 14, 2005, more than three years after his termination.  The statute of limitations for an

FMLA claim is two years, or three years if the alleged violation is willful.  *See* 29 U.S.C. §

2617©).  Accordingly, Perry's claim is time-barred unless, pursuant to Rule 15©), Fed. R. Civ.

P., Perry's amended complaint "relates back" to his original complaint, which was filed within

the FMLA limitations period.

 Rule 15(c)(2) establishes that "[a]n amendment of a pleading relates back to the date of

the original pleading when ... the claim or defense asserted in the amended pleading arose out of

---

[2]*See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend properly denied where amendment would be futile); *Chisolm v. TranSouth Financial Corp.*, 95 F.3d 331, 338 (4th Cir. 1996) (same).

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading. ...” *Id. See also Mayle v. Felix*, 125 S.Ct. 2652, 2572 (2005) (stating that “relation

back depends on the existence of a common core of operative facts uniting the original and newly

asserted claims”).  An amended complaint does not relate back, however, when it alleges new

causes of action arising “out of wholly different conduct” from that alleged in the original

complaint.  *U.S. v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).

       Perry’s FMLA retaliation claim fits well within Rule 15’s relation-back criterion.  It arose

out of the “conduct, transaction, or occurrence” which was at the heart of his original complaint,

namely his discharge.  *See* Rule 15(c)(2), Fed. R. Civ. P.  In no way, can Perry’s FMLA claim be

said to arise out of “wholly different conduct”; to the contrary, Perry’s FMLA claim arises from

precisely the conduct alleged in the original complaint.  *Pittman*, 209 F.3d at 318.  It follows,

therefore, that Perry’s FMLA claim relates back to the filing of the original complaint and thus is

not time-barred.

       Quite apart from the fact that Perry’s proposed FMLA claim and the original complaint

emanate from a common core of facts, the original complaint was arguably sufficient to put

American on notice that Perry intended to assert an FMLA cause of action.  Under the liberal

pleading standard of Rule 8, Fed. R. Civ. P., a plaintiff need only make a “short and plain

statement of the claim showing that the pleader is entitled to relief.”  *See* Rule 8(a)(2), Fed. R.

Civ. P.  Accordingly, a plaintiff only must give a defendant “fair notice of what the plaintiff’s

claim is and the grounds upon which it rests.”  *Conley v. Gibson*, 355 U.S. 41, 47 (1957);

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).  All of the facts underlying a plaintiff’s

claim need not be pled.  *Swierkiewicz*, 534 U.S. at 511; *Jordan v. Jackson*, 15 F.3d 333, 339 (4th

Cir. 1994).  And, where, as here, the parties disagree whether the complaint was sufficient to put

the defendant on notice of a particular claim, notice pleading standards require that the complaint

be read liberally in favor of the plaintiff.  *See Anderson v. Foundation for Advancement, Educ. &*

*Employment of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998); *Conley*, 355 U.S. at 45-46.

These principles, applied here, make clear that Perry's original complaint meets the

pleading threshold articulated by Rule 8.  Although Perry did not explicitly plead an FMLA

claim in his original complaint, he did reference the FMLA.  Thus, paragraph 23 of the complaint

states:

> Mr. Perry had previously invoked the Family Medical Leave Act and notified
> management that he would be spending time attending to his disabled wife.

And, in subsequent paragraphs, the original complaint pleads facts that, if proven, would tend to

show (i) that Perry's supervisor discouraged him from taking FMLA leave; and (ii) that Perry

suffered adverse employment actions because he insisted on taking his full FMLA leave.  Thus,

Perry's original complaint, liberally construed, arguably references, if somewhat obliquely, the

elements of an FMLA retaliation claim.[3]  To be sure, Perry's original complaint was far from a

model of clarity, and his amended complaint now seeks to add numerous facts not pled in the

original complaint.  Yet, construing the original complaint liberally in Perry's favor, these new

facts do not assert a new cause of action; rather, they simply amplify the FMLA cause of action

---

[3]Absent direct evidence of retaliation, FMLA claims follow the familiar *McDonnell Douglas-Burdine* burden-shifting test.  Under this framework, the burden initially rests on Perry to plead a prima facie case that American retaliated against him for exercising his FMLA rights. To do so, Perry would have to show (i) that he exercised an FMLA protected right; (ii) that he suffered an adverse employment action; and (iii) that there is a causal connection between the first two elements.  *See, e.g.*, *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496 (4th Cir. 2001).

Perry inartfully attempted to plead in his original complaint.  Because Perry's original complaint (i) referenced the FMLA explicitly and (ii) pled facts that, if proven, would be sufficient to show a prima facie case of retaliation in violation of the FMLA, American was reasonably on notice that Perry was pursuing an FMLA cause of action.

American also contends that Perry's effort to amend comes too late.  On the face of it, the motion does indeed appear excessively tardy, coming as it does 24 months after the action was first commenced in the District of Columbia district court.  Yet, on closer inspection, the majority of this delay is arguably attributable to factors other than Perry's dilatoriness.  Thus, the record discloses that for at least four months, the litigation in the District of Columbia focused chiefly on venue and transfer.  Once the case was ordered transferred in April 2004, the actual transfer of the case inexplicably did not occur for over 17 months; not until October 2005 did the file arrive in this district.  Perry, of course, could not seek leave to amend his complaint while the transfer was pending.  Within a month of the case being docketed here, Perry sought leave to amend his complaint.  Based on these facts, it does not appear that the bulk of the delay in seeking leave to amend is attributable to any lack of diligence on Perry's part.   For these reasons, Perry's motion to amend cannot be deemed untimely.[4]

Finally, American argues that the motion to amend should be denied as futile because Perry's putative FMLA retaliation claim is barred by issue and claim preclusion arising from the Adjustment Board's finding that Perry was terminated for cause.  This argument fails, for it is

---

[4]Additionally, American points to no specific prejudice it would suffer if Perry's motion for leave to amend is granted.  Its conclusory statements regarding prejudice are insufficient to bar Perry's motion for leave to amend.  *See, e.g.*, *Spell v. McDaniel*, 591 F.Supp. 1090, 1098 (D.C.N.C., 1984) (generalized statements that defendant would suffer prejudice if leave to amend were granted deemed insufficient).

well settled that claim preclusion does not apply to a cause of action the claimant could not have

brought in a prior litigation.  Because Perry could not have asserted his FMLA claim in the

course of his Adjustment Board proceeding, claim preclusion does not operate.  This principle is

well-illustrated by the Seventh Circuit's decision in *Staats v. County of Sawyer*, 220 F.3d 511,

516 (7th Cir. 2000).  There the court stated as follows:

> [I]f there was a forum in which all claims arising out of the single transaction
> could have been brought, and the plaintiff chooses a forum of limited jurisdiction
> instead, then the plaintiff's other claims are barred by the doctrine of claim
> preclusion, because the other claims could have been brought in the forum of
> general jurisdiction.  If, on the other hand, no such forum exists, and the plaintiff
> is forced to split her claims, a suit in one forum does not bar the plaintiff from
> also bringing suit in another.[5]

Nor is there any doubt that Perry's FMLA claim falls outside the Adjustment Board's

jurisdiction.  The Adjustment Board was created as a tribunal consisting of workers and

management to secure the prompt, orderly and final settlement of grievances that arise daily

between employees and carriers regarding rates of pay, rules and working conditions.  And these

so-called "minor disputes" are the grist of the Adjustment Board's mill.  *See Union Pacific R.*

*Co. v. Sheehan*, 439 U.S. 89, 94 (1978) (describing nature and scope of Adjustment Board's

jurisdiction).  But importantly, the Adjustment Board's jurisdiction is limited; it extends only to

disputes invoking collective-bargaining rights; it does not extend to enforcement of employees'

rights under statutes such as the FMLA.  As the Supreme Court held in *Hawaiian Airlines, Inc. v.*

*Norris*:

---

[5]*See also In re Lease Oil Antitrust Litigation*, 200 F.3d 317, 321 (5th Cir. 2000) (holding
that earlier state court litigation did not bar assertion of antitrust claims in a later federal suit
since the antitrust claims could not have been brought in state court); Restatement (Second) of
Judgments, § 25 cmt. e & § 26(1)©).

> The adjustment board lacks jurisdiction to enforce rights created by State or Federal Statutes and is limited to questions arising out of interpretations and application of Railway Labor Agreements.  512 U.S. 246, 254 (1994) (internal quotations omitted).

Accordingly, because the Adjustment Board lacked jurisdiction to adjudicate Perry's FMLA claim, claim preclusion does not bar him from asserting it here.

Issue preclusion is also no barrier to Perry's FMLA claim.  Collateral estoppel forecloses "the relitigation of issues of fact or law that are identical to issues which have been actually determined and ***necessarily decided*** in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate."  *Sedlack v. Braswell Services Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (emphasis added).  In his FMLA claim, Perry seeks to assert (i) that he exercised an FMLA protected right; (ii) that he suffered an adverse employment action; and (iii) that there is a causal connection between the first two elements. None of these legal issues—nor any of the underlying facts—were necessary to the Adjustment Board's determination that there was just cause for Perry's termination.  Put differently, the Adjustment Board's finding that Perry was terminated for cause does not preclude a finding that unlawful retaliatory animus also played a causal role in American's decision to terminate Perry. Accordingly, the Adjustment Board's decision does not preclude judicial review of Perry's FMLA claim.

This does not mean, however, that Perry can escape the fact that the Adjustment Board has already determined that Perry was terminated (i) for falsifying documents and (ii) for grossly insubordinate behavior.  To the contrary, by virtue of issue preclusion, Perry is bound by these Adjustment Board findings and he may not relitigate them here.  This has considerable

significance.  It means that Perry's FMLA claim is futile unless he can plead, consistent with

Rule 11's dictates, and then adduce proof of, FMLA animus as a motivating factor in his

termination.  In other words, Perry cannot rely on the *McDonnell Douglas-Burdine*

circumstantial inferential proof scheme to establish his FMLA claim because the existence of a

legitimate, non-discriminatory reason for the termination already exists by virtue of issue

preclusion, and he is bound by it and may not attack it as pretextual.  Thus, as a result of the

operation of issue preclusion with respect to the Adjustment Board's findings, this is necessarily,

at best, a mixed motive case in which, assuming the claim survives summary judgment, the jury

will be instructed that there has already been a final and binding determination that American

terminated Perry for just cause, and the sole question for the jury is whether Perry has shown by a

preponderance of the evidence that FMLA retaliation was also a motivating factor in the

termination.  And, assuming that Perry succeeds in making this showing, his range of remedies is

limited because it is necessarily a mixed motive claim.  Thus, Perry is not entitled to damages

even if he could make such a showing because the Adjustment Board conclusively determined

that American had sufficient lawful cause to terminate him.[6]  In the event Perry cannot show by a

preponderance that retaliatory animus was a motivating factor in his termination, he will not be

entitled to any remedy.

For all of these reasons, and for good cause,

It is hereby **ORDERED** that Perry's motion for leave to amend his complaint is

---

[6] See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 317 (4th Cir. 2005)
(limiting defendant's liability to fees and costs where defendant can prove that defendant would
have terminated even in the absence of the unlawful motive).

**GRANTED**.[7]

It is further **ORDERED** that the amended-complaint already submitted by Perry, which is limited to his FMLA retaliation claim, is deemed **FILED**.

It is further **ORDERED** that defendant must file its answer or other responsive pleading pursuant to Rule 12, Fed. R. Civ. P. by 5:00 p.m., Wednesday, January 4, 2006.

The Clerk is directed to send a copy of this Order to all counsel of record.

_____/s/_____

Alexandria, Virginia
December 22, 2005

T. S. Ellis, III
United States District Judge

---

[7]Nothing in this Order is intended to address Defendant's pending motion for sanctions and a protective order, which is to be heard by a Magistrate Judge.  The result reached here does not in any way affect whether plaintiff's discovery filings were appropriate or inappropriate.